STOULIG, Judge.
On defendant’s motion we dismiss this appeal as premature because the order granting plaintiff an appeal was signed by the trial judge on the same day he signed an order setting for trial defendant’s motion for a new trial. At the time the district judge could not divest the trial court of jurisdiction without first rendering a *201 decision on the timely filed motion for a new trial.
These dates are significant:
August 14, 1975 — Judgment rendered on rule for alimony pendente lite and increased child support that had previously been tried and taken under advisement.
August 15, 1975 — Notice of judgment mailed by Clerk of Court to both counsel.
August 22, 1975 — Plaintiff filed a motion for appeal. Defendant filed a motion for a new trial.
August 29, 1975 — Trial judge signed orders granting the appeal and fixing the motion for a new trial for hearing.
September 22, 1975 — Minute entry of court reflects the granting of a new trial to defendant on all issues and setting November 20, 1975 as the trial date.
The motion for a new trial was timely filed by the defendant within the 7-day delay (exclusive of legal holidays) allowed in C.C.P. art. 1974, which commenced to run on August 16, 1975, the day-following the mailing of the notice of judgment by the Clerk of Court (C.C.P. art. 1913). The 30-day appeal period prescribed by C.C.P. arts. 3942 and 3943 did not begin to run until the 7-day delay for applying for a new trial had expired. C.C.P. art. 2087(1).
Applying these articles of the Code, of Civil Procedure to the facts of this case (involving one defendant and one plaintiff), there is no final judgment from which an appeal will lie until the expiration of the delays for the filing of a motion for a new trial or until the merits of the motion have been adjudicated.
For the foregoing reasons the appeal is dismissed at appellant’s cost.

Appeal dismissed.

LEMMON, J., concurs with written reasons.